PEDRO DÍAZ CORREA, Appellant, *v.* REGISTRAR OF PROPERTY OF SAN JUAN (FIRST SECTION), Respondent.

No. 1137. Submitted January 10, 1944.—Decided March 21, 1944.

*Heriberto Torres Solá* for appellant. The registrar appeared by brief.

MR. JUSTICE DE JESÚS delivered the opinion of the court.

By deed No. 90 of June 30, 1943, before Notary Heriberto Torres Solá, Pedro Díaz Correa, owner of a mortgage credit on a certain urban property belonging to the debtor Bartolomé Fiol Gomila, increased said credit by making a new loan of $4,000, to Fiol. It was secured by the property previously encumbered in favor of the same creditor. In said deed Pedro Díaz Correa appeared with his wife and it was stated therein that the loan of $4,000 was the separate prop-

erty of the husband. In order to show the origin of the money loaned, there appeared in the deed the various transactions involving the separate properties of Díaz Correa. The documents evidencing said transactions were attached thereto, among them, a certified copy of deed No. 28 of March 4, 1943, before the same notary Mr. Torres Solá. By that deed Díaz Correa and his wife sold to Ricardo Mosquera Vázquez a certain urban property valued at $5,000, out of which Díaz Correa had a separate undivided interest of $3,000, the remaining $2,000 being community property.

The registrar recorded said deed No. 90 with the curable defect that the origin of part of the separate property given in loan did not appear therefrom, since said deed No. 28 had no notice of record, and the property described therein was located within the limits of the Registry of Property of San Juan, Second Section, for which reason the registrar was not bound to resort to the books of said registry to determine whether the undivided interest sold by Díaz Correa was of a separate or community character.

█ The petitioner contends that before entering said curable defect, the registrar should have complied with §19 of the Mortgage Law, as amended by Act No. 20 of July 7, 1923 (Laws of 1923, p. 212) which provides:

"Should the registrar perceive any defect involving the legality of the instrument presented or the capacity of the parties thereto, he shall report the defect in writing to the person presenting the document or to the notary authorizing it, so that they may withdraw it and cure the defect within the term of duration of the entry of presentation, or at least within the five days following such notice. The notary or the person presenting the instrument need not withdraw the same when to cure the defect it is necessary only to attach thereto another document or proper antecedents. Should the defect not be corrected within the prescribed term, the Registrar shall refuse to register the instrument in the case of an incurable defect, or shall state the defect if curable; *Provided,* That notice to the person presenting the instrument or to the notary shall be stated on the margin of the entry of presentation."

The fact that the registrar failed to report to the person presenting the document or to the notary authorizing it, so that they might withdraw it and cure the defect, is not a question reviewable within an administrative appeal, which lies only to review a note of refusal or a curable defect. Indeed it was an inadvertence on the part of the registrar not to comply with the provisions of §19 of the Mortgage Law; but this notwithstanding, his noncompliance with said statutory provision can have no effect on the determination of the legality of the instrument presented for record.

Let us now consider whether or not the entry of the curable defect on the ground that the separate character of the mortgage credit had not been accounted for, is correct.

Section 1307 of the Civil Code (1930 ed.) provides that "All the property of the marriage shall be considered as partnership property until it is proven that it belongs exclusively to the husband or to the wife." Since the mortgage credit was acquired for a valuable consideration during marriage, the same must be presumed to be community property unless the contrary is shown. Therefore, it is not sufficient for the spouses to appear in the deed of purchase and state therein that the real property or property right belongs exclusively to one of the spouses. The petitioner in conformance thereto attached, as supplementary documents, the certified copies of the deeds above mentioned.

Indeed if the separate character of the real property or property right described in the attached document appears from the record, the fact that the latter document is not recorded has no importance. But since deed No. 90 was recorded in the Registry of Property of San Juan, First Section, and the property described in the supplementary document is situated within the limits of the Registry of Property of San Juan, Second Section, the registrar of the First Section is not bound to resort to the other registry in order that, according to the entries made, he may

262

determine the separate or community character of the property in question. The petitioner alleges that both sections of the Registry of Property of San Juan compose one registry only, and, therefore, that the registrar of the First Section may resort to the registry of the Second Section to examine its books containing reference to the property described in the supplementary document. The petitioner is not correct. The Registry of Property of San Juan, First Section, and the Registry of Property of San Juan, Second Section, are two distinct and separate registries, just as distinct and separate as the registry of Mayagüez is from that of Humacao. The designations "First Section" and "Second Section" are of no importance, since they only serve to distinguish one from another because they are both situated in San Juan. The registrar of one section has no authority over the proceedings of the other section, and there is no relation between the employees of the First and Second Section. The independence between both registries is not affected in the least by the fact that they occupy the same building. Cf. *P. R. Auto Corporation* v. *Registrar*, 61 P.R.R. 416.

Since it has not been proved that the undivided interest in the property appearing in deed No. 28 belonged exclusively to the petitioner, and, consequently, that the proceeds of such sale invested in the loan appearing in deed No. 90 were of a separate character, the registrar acted correctly in entering the curable defect which has given rise to this appeal.

The decision appealed from must be affirmed.